UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1155

CRAIG LAMONT PERRY,

              Plaintiff - Appellant,

      v.

MAIL CONTRACTORS OF AMERICA, INC.,

              Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:12-cv-00405-GCM)

Submitted:  September 30, 2014        Decided:  October 9, 2014

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ross S. Sohm, THE LAW FIRM OF ROSS S. SOHM, PLLC, Charlotte, North Carolina, for Appellant.  Michael L. Wade, Jr., OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig Lamont Perry, an African-American, appeals the district court's order granting summary judgment to Mail Contractors of America, Inc. ("MCA"), on Perry's claim that he was terminated from his position as a truck driver due to his race, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a)(1) (2012). Perry also appeals the court's order denying his Fed. R. Civ. P. 59(e) motion. Having carefully reviewed the record, we affirm.

We review de novo a district court's order granting summary judgment. Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). To defeat summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference

2

upon another, or the mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

Because Perry produced no direct evidence of discrimination, the district court properly considered his claims under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004) (en banc). Under the McDonnell Douglas framework for a claim of discriminatory discipline, an employee must establish a prima facie case by showing "(1) that [he] engaged in prohibited conduct similar to that of a person of another race . . . , and (2) that disciplinary measures enforced against [him] were more severe than those enforced against the other person." Lightner v. City of Wilmington, 545 F.3d 260, 264-65 (4th Cir. 2008) (internal quotation marks omitted). If the employee makes this showing, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." Hill, 354 F.3d at 285. If the employer provides evidence of a nondiscriminatory reason for its action, the presumption of discrimination is rebutted, and the employee — who bears the ultimate burden of persuasion — must show by a preponderance of the evidence that the proffered reason was a pretext for discrimination. Id.

Here, we conclude that the district court correctly found that Perry failed to establish a prima facie case. Specifically, Perry did not identify a truck driver who was less severely disciplined following a traffic accident sufficiently similar to the one precipitating his own termination. See Lightner, 545 F.3d at 264-65. Although Perry produced evidence of numerous drivers who were in accidents that, like his own, involved other vehicles, caused property damage, or resulted in traffic citations, none of those factors were relevant to MCA's decision to immediately terminate Perry. Instead, Perry was fired for failing to properly regulate his speed despite hazards directly ahead of him in the roadway. A failure to slow down in response to apparent traffic conditions, or a similarly culpable error, was not present in any of the other accidents Perry identified. The fact that the MCA employees responsible for terminating Perry also immediately terminated a similarly situated driver outside Perry's protected class after he had a materially indistinguishable accident further undermined Perry's attempt to establish a prima facie case. See Cook v. CSX Transp. Corp., 988 F.2d 507, 510-12 (4th Cir. 1993).

Moreover, and assuming for the sake of argument that Perry established a prima facie case, he does not contest that MCA had a viable, nondiscriminatory reason for his termination, and we conclude that the evidence clearly fell short of

4

suggesting pretext. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). As we have explained, "[r]egardless of the type of evidence offered by a plaintiff as support for [his] discrimination claim . . . , the ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." Hill, 354 F.3d at 286 (internal quotation marks and brackets omitted). Accordingly, absent evidence that the allegedly discriminatory decisionmaker knew of the aggrieved employee's race, no reasonable jury could conclude that the stated legitimate reason for the challenged employment action was a pretext for discrimination. See Matthews v. Waukesha Cnty., 759 F.3d 821, 827 (7th Cir. 2014); Pearson v. Mass. Bay Transp. Auth., 723 F.3d 36, 41-42 (1st Cir. 2013). Here, at best, Perry produced only a minutia of circumstantial evidence that any of the decisionmakers involved in his termination were ever aware of his race.

Accordingly, we affirm the grant of summary judgment to MCA and the denial of reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5